UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Debtor
JOHN ANZELMO,

                Appellant,

*vs*.

COUNTY OF ROCKLAND

                Appellee.

**APPELLANT SUBMISSIONS PURSUANT TO FEDERAL BANKRUPTCY RULE 8009(A)**

**21-cv-02017-NSR**

## Statement of Issues to be Presented[1]

Pursuant to Federal Rule of Bankruptcy Procedure 8009(a), John Anzelmo ("Appellant") hereby

states the issue to be presented on appeal:

1. The bankruptcy court erred when it granted the appellee's Motion for Relief from the

   Automatic Stay on January 7, 2021.

## Designation of Items to be Included in the Record on Appeal

Pursuant to Federal Rule of Bankruptcy Procedure 8009(a), Appellant hereby designates the

following items to be included in the record on appeal:

1. Documents No. 1 through No. 88 from appellant's Bankruptcy Court proceeding (Docket

   No. 19-22946-rdd)[2]

## FACTS

Mr. Anzelmo is 75 years old, and calls 27 Hillside Avenue in Suffern, New York, 10901

("the Property") his home. Mr. Anzelmo parents bought the Property in 1965, and for over 45

---

[1]     Portions of this document were prepared with assistance from the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants in the SDNY.

[2]     Citations to documents from appellant's Bankruptcy Court proceeding are cited as "Bankruptcy Document No."

years the Property has been in Mr. Anzelmo's family with no debt or mortgage (Bankruptcy Document No. 66, 2). From 1980 to 2018, the Property belonged to Mr. Anzelmo's mother and sister as tenants in common, and then to their respective estates (*Id.* at 2). After the title was transferred to his mother and sister, Mr. Anzelmo continued to live in the home and cared for his mother who was ill. (Affidavit of John Anzelmo, Bankruptcy Document No. 56- 3, 2). After the death of his sister in 2011, the executor of her estate, Mr. Anzelmo's brother-in-law, stopped paying property taxes for the Property. (Bankruptcy Document No. 66, 2). As a result, the County of Rockland ("Appellee" or the "County") commenced an *in rem* tax foreclosure proceeding for several parcels, including the Property (*Id.* at 3).

On May 16, 2016, a default judgment was entered for the County and awarded possession of the Property to the County ("the Default Judgment") (*Id.* at 3). The Default Judgment directed the County to prepare, execute, and record a deed to the Property to itself (*Id.* at 3). The final paragraphs of the Default Judgment provide:

> ORDERED ADJUDGED AND DECREED, That the Commissioner of Finance, Budget Director of the County of Rockland, the Enforcing Officer, prepare, execute and cause to be recorded a deed conveying to the County of Rockland full and complete title to each parcel described on the annexed Schedule "A", and it is further

> ORDERED ADJUDGED AND DECREED, That upon execution of such deed, the County of Rockland shall be seized of an estate in fee simple absolute and all persons whom may have any right, title, interest, claim, lien or equity of redemption in or upon such parcels shall be barred and forever foreclosed of any and all such right, title, interest, claim, lien or equity of redemption. (Bankruptcy Document No. 52-4) (Bankruptcy Document No. 59, 2)

The Default Judgment expressly states that the County would not acquire title to the Property and the Property would not be foreclosed until the deed has been executed. All parties agree that no deed was prepared or executed prior to the hearing of the County's Motion for Relief from the Automatic Stay ("Lift-Stay Motion") on December 11, 2020 (*Id.* at 3, Bankruptcy Document No. 52, 5, Bankruptcy Document No. 59, 2-3).

In 2018, the deed to the home was transferred from Mr. Anzelmo's brother-in-law to Mr. Anzelmo (Bankruptcy Docket No. 56-3, 3). Due to an Order to Vacate that was issued by the Rockland County Department of Health and the Rockland County Sheriff's Department in November 2017, Mr. Anzelmo was not permitted to reside in the home and lived in his van on the property (*Id.*). Mr. Anzelmo suffers from hoarding disorder, a psychological condition that causes him to suffer anxiety and mental anguish at the thought of losing even minor possessions (*Id.* at 4). Despite the Order to Vacate, the Mr. Anzelmo continued to visit the Property every day, continued to pay utilities for the Property, and, with the permission of the Department of Health, scheduled regular appointments to maintain the Property's utilities (Bankruptcy Document No. 86, 5-6)

On May 7, 2019, Mr. Anzelmo filed a petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code ahead of a tax foreclosure sale scheduled for May 9, 2019 (Bankruptcy Document No. 1; Bankruptcy Document No. 56-3, 3). In October 2020, the County asserted a secured claim in the amount of $193,892.39 inclusive of interest and penalties for unpaid delinquent taxes on the Property from 2012 through September 30, 2020 (Bankruptcy Document No. 46, Bankruptcy Document No. 59, 3).[3] On December 11, 2020, the County filed for a Lift-Stay Motion (Bankruptcy Document No. 52) that the bankruptcy court granted on January 7, 2021 (Bankruptcy Document No. 60).

---

[3] The Chapter 7 Trustee, Marianne T. O'Toole objected to this claim: "[I]t appeared manifestly unjust that the County asserts entitlement to the Suffern Property and, at the same time, property taxes continued to accrue to the Debtor's detriment.... Stated differently, Rockland County should not have its cake and eat it too." (Bankruptcy Docket No. 59, 4). The Bankruptcy court granted the objection with respect to this claim (Bankruptcy Docket No. 63). The County did not withdraw this claim until after the Bankruptcy Court granted their motion on relief from stay (Bankruptcy Docket No. 61).

## ARGUMENT

**Standard of Review**

Federal district courts review bankruptcy court's conclusions of law *de novo* and its findings of fact under a clearly erroneous standard. *In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 988 (2d Cir. 1990). District courts should liberally construe a pro se litigant's submissions and interpret them "to raise the strongest arguments that they suggest." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (citing *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). For mixed questions of law and fact, the standard of review "depends on whether answering it entails primarily legal or factual work." U.*S. Bank Nat'l Ass'n v. Vill. at Lakeridge, LLC*, 138 S. Ct. 960, 962 (2018).

### A. The Property is Part of the Appellant's estate Under 11 U.S.C. §541(a)(1)

Under 11 U.S.C. §541(a)(1), a debtor's estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. §541(a)(1) "Property interests are created and defined under state law." *Butner v. United States*, 440 U.S. 48, 55 (1979). Pursuant to New York Real Property Tax Law § 1131 and § 1136(3), title transfers only "upon the execution of [a] deed" N.Y. Real Prop. Tax Law §§ 1136(3), 1131.[4]

---

[4]    New York Real Property Tax Law § 1136(3) states:

When no answer has been interposed. The court shall make a final judgment awarding to such tax district the possession of any parcel of real property described in the petition of foreclosure not redeemed as provided in this title and as to which no answer is interposed as provided herein. In addition thereto such judgment shall contain a direction to the enforcing officer of the tax district to prepare, execute and cause to be recorded a deed conveying to such tax district full and complete title to such parcel. Upon the execution of such deed, the tax district shall be seized of an estate in fee simple absolute.

N.Y. Real Prop. Tax Law § 1136(3)

Here, both parties agree that the County failed to execute a deed conveying the property to the County at the time that the County moved for relief from the stay (Bankruptcy Document No. 59, 3; Bankruptcy Document No. 52, 5; Bankruptcy Document No. 59, 2-3). Because the deed was not executed, the County's interest in the property did not vest at the time of the bankruptcy proceeding and the Property should have been considered part of Mr. Anzelmo's estate.

Unlike *In re Rodgers*, where the Second Circuit held that a debtor could not rely on "bare legal title" to assert a claim on their estate sold at public auction, this case does not concern a sale to a third party. *In re Rodgers,* 333 F.3d 64,66-67 (2d Cir. 2003). Furthermore, the County acted as if Mr. Anzelmo had title to the property when the County requested taxes on the property through 2020, well after the May 2016 foreclosure sale. (Bankruptcy Document No. 46, Bankruptcy Document No. 59, 3).

**B. Appellant's Motion for Relief from the Stay should have been denied.**

The bankruptcy court did not have cause to lift the automatic stay with respect to the county, for the reasons set out below.

**i.   The bankruptcy court erred in concluding that the property was not part of the estate.**

As set forth above, the bankruptcy court erred in concluding that the property was not part of the estate. Execution of the deed in favor of the County was not a mere formality. It was an explicit requirement for a transfer of property. The fact that the County continued assessing taxes on the property that Appellant was asked to pay indicates that the County viewed the property as belonging to the Appellant. If it belonged to the County, he would not have been assessed taxes on the property.

Additionally, the County should be equitably estopped from rejecting his attempt to buy back the property. The County offered a "Buy-Back Program," in which the County allows tax-delinquent homeowners to purchase their properties at any time up to the tax foreclosure auction (Bankruptcy Docket No. 66). Mr. Anzelmo filed for bankruptcy prior to the tax foreclosure sale of his home and vested the Trustee with §134,538.85 received from the sale of his New Jersey property in order to save his home, the Property (Bankruptcy Document No. 66). Mr. Anzelmo's counsel in Bankruptcy Court introduced evidence that suggested that this option was extended to all delinquent homeowners in the County, and only Mr. Anzelmo was denied this option (Bankruptcy Document No. 66).

### ii.    Appellant has been irreparably injured because the stay was lifted.

Mr. Anzelmo lost his home of nearly 50 years at the age of 75 and is currently homeless. Lifting the stay caused and is continuing to inflict irreparable injury. Mr. Anzelmo's family has owned the property since 1965 and have used the property as a family home since 1972 (Bankruptcy Document No. 66). Mr. Anzelmo has resided at the Property for the majority of his life. Even though Mr. Anzelmo was only permitted on the grounds until the health hazard caused from his hoarding disorder was resolved, he continued to visit the property regularly, demonstrating his profound attachment to the Property (Bankruptcy Docket No. 56-3, Bankruptcy Document No. 86). He also cared for the Property as any homeowner would and continued to pay utilities as well as check that the home's heating, water, and electric were functioning properly (Bankruptcy Document No. 86). The sentimental value and emotional attachment that Mr. Anzelmo has for the Property cannot be overstated. Moreover, he lived in a van on the property.

**iii.    Maintaining the stay will not substantially injure the other parties interested in the proceeding.**

The stay would not have prejudiced the County given that the Property contains equity that ensures that the County will receive the taxes, penalties and interest they were owed. The continuation of a stay, particularly when Mr. Anzelmo intended to buy-back the Property, would not result in a substantial injury to the County.

**iv.    The public interest lies in favor of maintaining the stay.**

The public interest lies in favor of maintaining the stay. Not only has Mr. Anzelmo been deprived of his family home in his old age, but the County of Rockland has also expressed an interest in allowing tax-delinquent residents to maintain their homes, as evidenced by the county's Buy-Back program. Mr. Anzelmo's counsel in Bankruptcy Court had evidence to suggest that this program was extended to virtually all homeowners in Rockland County, and that a County employee stated to Mr. Anzelmo, "every effort was made to help people retain their homes" (Bankruptcy Docket No. 66). However, Mr. Anzelmo, who suffers from a psychological condition, was not given this option (*Id.*). A program that extends benefits to all except for one individual can hardly be characterized as discretionary. The interest in fairness and equality weighed in favor of maintaining the stay to appellant.

In light of the discussion above, the Bankruptcy Court was incorrect in concluding that the Property did not form part of appellant's estate. Furthermore, there were grounds for a stay to remain in place. Therefore, there was no cause to lift the stay, and the Bankruptcy Court should not have granted appellee's motion for relief from stay.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that this Court reverse the Bankruptcy Court's order granting appellee's Motion for Relief from Stay and reinstate the stay.

Dated: December 3, 2021

John Anzelmo

(845) 540-1969

**PROOF OF SERVICE**

Appellant is proceeding in forma pauperis, and the Marshalls will effect service upon the

appellee.

# UNITED STATES BANKRUPTCY COURT

### for the

Southern District of New York ▾

|  |  |
|---|---|
| In re: John Anzelmo, | ) |
| *Plaintiff/Petitioner* | ) |
| v. | )   Civil Action No.  19-22946-rdd |
| Debtor. | ) |
| *Defendant/Respondent* | ) |

### APPLICATION TO PROCEED IN DISTRICT COURT WITH BANKRUPTCY APPEAL
### WITHOUT PREPAYING FEES OR COSTS (Short Form)

I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested.

In support of this application, I answer the following questions under penalty of perjury:

1. *If incarcerated.* I am being held at: _____ N/A _____ .
If employed there, or have an account in the institution, I have attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name. I am also submitting a similar statement from any other institution where I was incarcerated during the last six months.

2. *If not incarcerated.* If I am employed, my employer's name and address are:

N/A - Not Employed

My gross pay or wages are:  $ _____ , and my take-home pay or wages are:  $ _____ per

*(specify pay period)* _____ .

3. *Other Income.* In the past 12 months, I have received income from the following sources *(check all that apply)*:

| | | |
|---|---|---|
| (a) Business, profession, or other self-employment | ☐ Yes | ☑ No |
| (b) Rent payments, interest, or dividends | ☐ Yes | ☑ No |
| (c) Pension, annuity, or life insurance payments | ☐ Yes | ☑ No |
| (d) Disability, or worker's compensation payments | ☐ Yes | ☑ No |
| (e) Gifts, or inheritances | ☐ Yes | ☑ No |
| (f) Any other sources | ☑ Yes | ☐ No |

*If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.*

Supplemental Security Income (SSI) - $601.00 per month
Food Stamps - $145.00 per month
Income from odd jobs (snow plowing, handyman) - $500.00 per month

AO 240 (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

4. Amount of money that I have in cash or in a checking or savings account: $ _____ 0.00 .

5. Any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value that I own, including any item of value held in someone else's name *(describe the property and its approximate value)*:

2004 Chevrolet Colorado - approx. 240,000 miles - $1,100.00
(Remainder of property is in the house at 27 Hillside Avenue, Suffern, NY 10901, which the County of Rockland claims title to, and is not accessible.)

6. Any housing, transportation, utilities, or loan payments, or other regular monthly expenses *(describe and provide the amount of the monthly expense)*:

Groceries / Food - $400.00 per month
Transportation - $300.00 per month
Auto Insurance - $90.00 per month
Clothing / Laundry - $30.00 per month

7. Names (or, if under 18, initials only) of all persons who are dependent on me for support, my relationship with each person, and how much I contribute to their support:

None

8. Any debts or financial obligations *(describe the amounts owed and to whom they are payable)*:

Judgments entered against me (disputed) for health violations due to clutter:

Rockland County: $4,125.00
Village of Suffern: $5,000.00

*Declaration:* I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims.

Date: ____01/21/2021____

_____
*Applicant's signature*

John Anzelmo
*Printed name*