UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE: JOHN ANZELMO,

                Debtor.

JOHN ANZELMO,

                Appellant,

-against-

COUNTY OF ROCKLAND,

                Appellee.

No. 21 Civ. 2017 (NSR)
OPINION & ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 09/23/2022

---

NELSON S. ROMÁN, United States District Judge

    This appeal arises from the Chapter 7 bankruptcy case of *pro se* Appellant John Anzelmo in the Southern District of New York, Case No. 19-22946 (RDD). On May 6, 2016, in an *in rem* proceeding to foreclose a tax lien, Appellee the County of Rockland obtained a default judgment against the property at 27 Hillside Avenue, Suffern, New York (the "Property") under New York State Real Property Tax Law ("RPTL") §§ 1131 and 1136. On May 7, 2019, two days before the public auction of the Property, Appellant filed this Chapter 7 petition pursuant to a deed purportedly transferring him title to the Property in June 2018. After asserting its own claim to the Property for unpaid delinquent real property taxes on it, Appellee moved under 11 U.S.C. § 362(d) for an order granting relief from the automatic stay imposed under § 362(a), which the Bankruptcy Court granted by order on January 7, 2021. Appellant appealed on January 28, 2021.

    For the following reasons, the Bankruptcy Court's Order is AFFIRMED in its entirety.

**BACKGROUND**

The following facts are derived from the uncontested facts before the Bankruptcy Court and the record on appeal.

Appellant's parents bought the Property in 1965, and for over 45 years, the Property has been in Appellant's family without debt or mortgage. From 1980 onwards, the Property belonged to Appellant's mother and sister as tenants in common. After Appellant's sister passed away in 2011,[1] the executor of her estate—her husband—stopped paying property taxes on the Property.

On May 16, 2016, Appellee obtained a Default Judgment under RPTL §§ 1131 and 1136 in an *in rem* proceeding to foreclose a tax lien against the Property. The Default Judgment contained the following two paragraphs:

> ORDERED ADJUDGED AND DECREED, That the Commissioner of Finance, Budget Director of the County of Rockland, the Enforcing Officer, prepare, execute and cause to be recorded a deed conveying to the County of Rockland full and complete title to each parcel described on the annexed Schedule "A", and it is further
>
> ORDERED ADJUDGED AND DECREED, That upon execution of such deed, the County of Rockland shall be seized of an estate in fee simple absolute and all persons whom may have any right, title, interest, claim, lien or equity of redemption in or upon such parcels shall be barred and forever foreclosed of any and all such right, title, interest, claim, lien or equity of redemption.

More than two years later, in June 2018, the executor of the estate of Appellant's sister gave Appellant a deed purportedly transferring him title to the Property.

On May 7, 2019, two days before the scheduled public auction of the Property, Appellant commenced this Chapter 7 bankruptcy case. Out of an overabundance of caution, Appellee pulled out the Property from the public action and asserted a claim in May 2019 for the unpaid delinquent

---

[1] Although unclear in the record, by this time, Appellant's mother had already passed away at some unspecified date.

2

real property taxes on the Property. In October 2020, Appellee amended its claim to include the taxes appraised for 2020.

In December 2020, Appellee moved before the Bankruptcy Court for an order granting relief from the automatic stay under 11 U.S.C. § 362(d) to enforce the Default Judgment against the Property. In January 2021, the Court granted Appellee's motion. Weeks later, Appellant filed the instant appeal.

## STANDARD OF REVIEW

A district court hearing an appeal from a bankruptcy court reviews the bankruptcy court's findings of fact under the "clearly erroneous" standard, *see* Fed. R. Bankr. P. 8013, while its conclusions of law are reviewed under the *de novo* standard. *See In re Bennett Funding Group, Inc.*, 146 F.3d 136, 137 (2d Cir. 1998). Under *de novo* review, the Court affords no deference to the Bankruptcy Court's decision and decides the question as if no decision had been previously rendered. *See In re Reilly*, 245 B.R. 768, 772 (2d Cir. BAP), *aff'd*, 242 F.3d 367 (2d Cir. 2000) ("A *de novo* review allows us to decide the issue as if no decision had been previously rendered . . .. No deference is given to the Bankruptcy Court's decision.") (*quoting In re Miner*, 229 B.R. 561, 565 (2d Cir. BAP 1999)).

By contrast, review for clear error is much more deferential to the bankruptcy court's findings. Clear error exists "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Dist. Lodge 26, Int'l Ass'n of Machinists & Aerospace Workers, AFL–CIO v. United Techs. Corp.*, 610 F.3d 44, 51 (2d Cir. 2010) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). While the lower court's findings of fact are not conclusive on appeal, the party that seeks to overturn them bears a heavy burden. "To be clearly erroneous, a decision must strike [us] as more than just maybe or probably wrong; it must . . . strike [us] as wrong with the force of a five-

3

week-old, unrefrigerated dead fish." *In re Reilly*, 245 B.R. at 772 (quoting *In re Miner*, 229 B.R. at 565). "Particular deference is given to a bankruptcy court's findings on credibility." *In re Portaluppi*, 609 F. App'x 30, 31 (2d Cir. 2015) (citing *In re CBI Holding Co.*, 529 F.3d 432, 450 (2d Cir. 2008)).

District courts should liberally construe a *pro se* litigant's submissions and interpret them "to raise the strongest arguments that they suggest." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (citing *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

## **DISCUSSION**

By his brief, liberally construed Appellant seems to present two issues on appeal: (1) whether the Bankruptcy Court erred in concluding that the Property was not part of the Chapter 7 bankruptcy estate under New York law; and (2) whether the Bankruptcy Court erred in granting Appellee relief from the automatic stay under 11 U.S.C. § 362(d) to enforce the Default Judgment. But because relief from an automatic stay under § 362(d) is warranted when "the debtor does not have an equity in [the subject] property," then the Court need only determine Appellant's first issue on appeal *de novo*.

Appellant argues that, although Appellee indisputably did not file a deed following the entry of Default Judgment against the Property in May 2016, the Bankruptcy Court erroneously concluded that the Property was not part of Appellant's Chapter 7 bankruptcy estate. (Appellant's Br. at 4–5.) He contends that both RPTL § 1136(3) and the Default Judgment expressly require a deed to be executed for Appellee's interest in the Property to vest. (*Id.*) As such, because Appellee never executed the required deed and he received title to the Property by deed in 2018—before the commencement of the Chapter 7 bankruptcy proceeding, then Appellant argues that the Property was part of the bankruptcy estate. (*Id.*) After due consideration, the Court disagrees.

4

"The filing of a Chapter 7 petition creates a bankruptcy estate encompassing 'all legal or equitable interests of the debtor in property as of the commencement of the case.'" *In re de Hertogh*, 412 B.R. 24, 29 (Bankr. D. Conn. 2009) (citing 11 U.S.C. § 541(a)(1)). "Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." *Butner v. United States*, 440 U.S. 48, 55 (1979).

Accordingly, to determine whether the Property was part of Appellant's bankruptcy estate, the Court must determine the effect of the Default Judgment that Appellee obtained against it under applicable New York law.

During an *in rem* proceeding to foreclose a tax lien, under RPTL § 1131,

> [i]n the event of a failure to redeem or answer by any person having the right to redeem or answer, such person shall forever be barred and foreclosed of all right, title, and interest and equity of redemption in and to the parcel in which the person has an interest and a judgment in foreclosure may be taken by default as provided by [RPTL § 1136].

In turn, RPTL § 1136(3) provides that "[w]hen no answer has been interposed" in an *in rem* proceeding to foreclose a tax lien,

> [t]he court shall make a final judgment awarding to such tax district the possession of any parcel of real property described in the petition of foreclosure not redeemed as provided in this title and as to which no answer is interposed as provided herein. In addition thereto such judgment shall contain a direction to the enforcing officer of the tax district to prepare, execute and cause to be recorded a deed conveying to such tax district full and complete title to such parcel. Upon the execution of such deed, the tax district shall be seized of an estate in fee simple absolute in such parcel and all persons, including the state, infants, incompetents, absentees and non-residents who may have had any right, title, interest, claim, lien or equity of redemption in or upon such parcel shall be barred and forever foreclosed of all such right, title, interest, claim, lien or equity of redemption.

Upon entry of default judgment, "[a] motion to reopen any such default may not be brought later than one month after entry of the judgment." RPTL § 1131.

While RPTL § 1136(3) expressly provides that any default judgments issued under it must "contain a direction to the enforcing officer of the tax district to prepare, execute[,] and cause to be recorded a deed conveying to such tax district full and complete title to such parcel," several courts have held that "the recording of a new deed pursuant to [the statute] is a mere ministerial act." *Wisotzke v. Ontario Cnty.*, 409 B.R. 20, 23 (W.D.N.Y. 2009), *aff'd*, 382 F. App'x 99 (2d Cir. 2010); *accord In re DuVall*, AP 19-2011-PRW, 2021 WL 646802, at *6 (Bankr. W.D.N.Y. Feb. 18, 2021), *order aff'd, appeal dismissed sub nom. DuVall v. Cnty. of Ontario, New York*, 21-CV-6236L, 2021 WL 5199639 (W.D.N.Y. Nov. 9, 2021); *In re Haynes*, BR 19-20601-PRW, 2019 WL 7945834, at *2 (Bankr. W.D.N.Y. Aug. 1, 2019); *In re Johnson*, 449 B.R. 7, 10 (Bankr. W.D.N.Y. 2011).

That is because "once [default] judgment [is] entered," the non-appearing tax debtor "los[es] [its] rights to the property under New York law and ha[s] no further right to redemption." *Miner v. Clinton Cnty., N.Y.*, 541 F.3d 464, 474 (2d Cir. 2008) (citing RPTL § 1131); *see also Wisotzke*, 409 B.R. at 23 n.1 ("[T]he Second Circuit [has] noted that the execution and delivery of a deed is not determinative of which party holds title; rather, title passes simultaneously with the extinguishment of the debtor's right to redeem, and not when a deed is recorded." (emphasis omitted) (citing *In re Rodgers*, 333 F.3d 64, 66–67 (2d Cir. 2003)); *Valente v. Culver*, 508 N.Y.S.2d 701, 703 (3d Dep't 1986) ("By virtue of the foreclosure judgment, the County obtained full and complete title to the entire parcel.").

As such, to obtain relief at that stage, tax debtors must file a motion to reopen the default judgment entered, which "may not be brought later than one month after entry of the judgment."

*In re Bouchard*, 810 N.Y.S.2d 565, 568 (3d Dep't 2006) (quoting RPTL § 1131.) But if tax debtors fail to file such motion within that timeframe, any subsequent motion to do so will be time barred. *In re Foreclosure of Tax Liens by Cnty. of Clinton*, 793 N.Y.S.2d 596, 597 (3d Dep't 2005); *see also* RPTL § 1136(3) ("[A]ll persons . . . who may have had any right, title, interest, claim, lien or equity of redemption in or upon such parcel shall be barred and forever foreclosed of all such right, title, interest, claim, lien or equity of redemption.").

Here, it is undisputed that Appellee obtained a Default Judgment against the Property on May 16, 2016. At that time, the non-appearing tax debtor was the executor of the estate of Appellant's sister, and not Appellant. Thus, upon entry of the Default Judgment, the executor of the estate of Appellant's sister "lost [the estate's] rights to the [P]roperty under New York law and had no further right to redemption." *Miner*, 541 F.3d at 474 (citing RPTL § 1131). And because he failed to move to reopen the Default Judgment against the Property within one month after its entry, any subsequent motion to reopen the same was time barred. *In re Foreclosure of Tax Liens by Cnty. of Clinton*, 793 N.Y.S.2d at 597. It follows then, that as of May 16, 2016, the executor of the estate of Appellant's sister had no legal interest to the Property that he could convey. Put another way, Appellant did not receive any legal interest to the Property in June 2018. *See Wisotzke*, 409 B.R. at 23 n.1 ("[T]he Second Circuit [has] noted that the execution and delivery of a deed is not determinative of which party holds title; rather, title passes simultaneously with the extinguishment of the debtor's right to redeem, and not when a deed is recorded." (emphasis omitted) (citing *In re Rodgers*, 333 F.3d at 66–67)); *see also In re Johnson*, 449 B.R. at 10 ("Because the default judgment had terminated all property rights in the real estate, the debtor held no real property interest that this court could protect as of the date of bankruptcy filing.").

Therefore, the Court concludes that the Bankruptcy Court did not err in concluding that the Property was not part of Appellant's Chapter 7 bankruptcy estate. Accordingly, the Bankruptcy Court did not ultimately err in granting Appellee relief from the automatic stay under 11 U.S.C. § 362(d) because since "the [P]roperty was not property of the [bankruptcy] estate, the protections afforded by the automatic stay under 11 U.S.C. § (a) do not apply to the [P]roperty." *In re Haynes*, 2019 WL 7945834, at *2.

## **CONCLUSION**

Based on the foregoing, the decision of the Bankruptcy Court is AFFIRMED. The Clerk of the Court is kindly directed to CLOSE this case, and to mail a copy of this Opinion and Order to *pro se* Appellant at his address listed on ECF and show service on the docket.

Dated: September 23, 2022
White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge